WILMERHALE

January 29, 2026

**Via ECF**

David W. Bowker

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

The Honorable Nicholas G. Garaufis
U.S. District Court Judge
Eastern District of New York
Room 1426 S
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Fields et al. v. Lafarge S.A. et al.*, 1:23-cv-00169-NGG-PK (E.D.N.Y.)

Dear Judge Garaufis:

    Defendants respectfully submit this response to Plaintiffs' January 26 letter (Dkt. 102) requesting a pre-motion conference in advance of filing a motion to strike all of Defendants' affirmative defenses under Fed. R. Civ. P. 12(f).

    The motion to strike that Plaintiffs seek leave to file is untimely, and the Court should therefore deny the request to file such a motion. Rule 12(f)(2) states that where no response to a pleading is permitted—as is the case with Defendants' Answer—a party may move to strike "within 21 days after being served with the pleading." Defendants filed their Answer to Plaintiffs' Second Amended Complaint, which included the affirmative defenses at issue, on October 14, 2025. Dkt. 91, at 129-131. Plaintiffs waited *104 days* to submit their letter seeking permission to move to strike—without acknowledging their 21-day deadline, let alone attempting to excuse their inexplicable delay. For this reason alone, leave to file a Rule 12(f) motion should be denied. *See A.W.S. v. Southampton Union Free Sch. Dist.*, 2022 WL 1166422, at *2 (E.D.N.Y. Apr. 20, 2022) (denying motion to strike affirmative defenses as untimely); *see also Muller v. NYC Motorcars of Freeport Corp.*, 2024 WL 3431957, at *4-5 (E.D.N.Y. July 16, 2024) (denying motion to strike due in part to untimeliness).

    Even if it had been timely, Plaintiffs' motion would fail on the merits. As an initial matter, Plaintiffs say that they seek to strike "all" 13 affirmative defenses but only identify six in their letter. In any event, "as a general rule motions to strike affirmative defenses are disfavored and should not be granted unless there are strong reasons for doing so." *Alan L. Frank L. Assocs., P.C. v. OOO RM Inv.*, 2021 WL 3269010, at *2 (E.D.N.Y. July 30, 2021). That is especially true where, as here, Defendants' affirmative defenses are adequately pleaded and Plaintiffs cannot demonstrate the requisite showing of prejudice. To strike an affirmative defense as insufficient, "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *Id.* *Twombly*'s plausibility standard applies, and it is "context-specific," meaning that the degree of appropriate

WILMERHALE

The Honorable Nicholas G. Garaufis
January 29, 2026
Page 2

rigor "may be reduced in light of the limited time interval afforded to a defendant filing an answer." *Id.*  Here, Defendants filed their Answer containing plausible affirmative defenses within a limited time interval following the Court's ruling on their motion to dismiss (Dkt. 80), and Plaintiffs make no attempt to explain how Defendants' affirmative defenses prejudice them or why the factual basis for the defenses should not be explored through discovery.

Finally, Plaintiffs never sought to meet and confer regarding the challenged affirmative defenses before filing their untimely and meritless request for leave.  Since undersigned counsel appeared in this case, Plaintiffs' counsel and Defendants' counsel have met and conferred three times, on December 10, 2025; January 13, 2026; and January 26, 2026.  Yet, Plaintiffs did not raise any concerns about Defendants' affirmative defenses at these meet and confers—including in the one that took place on the very same day they filed their pre-motion letter with the Court.  For all these reasons, Plaintiffs' request for leave should be denied.

If the Court does not deny Plaintiffs' request for leave outright, the request still should not be granted.  Rather, Plaintiffs should first be required, at a minimum, to confer with Defendants and explore whether a resolution can be reached without further burdening the Court with unnecessary motion practice.

Respectfully submitted,

*/s/ David W. Bowker*

| | |
|---|---|
| Alyson Zureick | David W. Bowker |
| WILMER CUTLER PICKERING | Jonathan E. Paikin |
|    HALE AND DORR LLP | Albinas Prizgintas |
| 7 World Trade Center | WILMER CUTLER PICKERING |
| 250 Greenwich Street |    HALE AND DORR LLP |
| New York, New York 10007 | 2100 Pennsylvania Avenue N.W. |
| (212) 937-7529 (t) | Washington, D.C. 20037 |
| (212) 230-8888 (f) | (202) 633-6000 (t) |
| alyson.zureick@wilmerhale.com | (202) 633-6363 (f) |
| | david.bowker@wilmerhale.com |
| | jonathan.paikin@wilmerhale.com |
| | albinas.prizgintas@wilmerhale.com |

*Counsel for Defendants*