**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIANE FOLEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:23-cv-05691-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| CHARISS FINAN, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:22-cv-07831-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| JASON BLACK, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:24-cv-08901-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| SUSAN SHIRLEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:25-cv-04248-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |

AVRAHAM GOLDMAN, *et al.*,

        Plaintiffs,

v.

LAFARGE S.A., *et al.*,

        Defendants.

Civil No. 1:24-cv-01043-NGG-PK

NADIA MURAD, *et al.*,

        Plaintiffs,

v.

LAFARGE S.A., *et al.*,

        Defendants.

Civil No. 1:23-cv-09186-NGG-PK

CHRISTINE STALLTER, *et al.*,

        Plaintiffs,

v.

LAFARGE S.A., *et al.*,

        Defendants.

Civil No. 1:25-cv-06749-NGG-PK

TAMARA FIELDS, *et al.*,

        Plaintiffs,

v.

LAFARGE S.A., *et al.*,

        Defendants.

Civil No. 1:23-cv-00169-NGG-PK

HELEN JANE WILSON, *et al.*,

        Plaintiffs,

v.

LAFARGE S.A., *et al.*,

        Defendants.

Civil No. 1:25-cv-01975-NGG-PK

2

## <u>ORDER AND STIPULATION AMENDING THE</u>
## <u>CONFIDENTIALITY ORDER</u>

The parties, by and through their undersigned counsel, hereby stipulate and respectfully request that the Court enter the following Order amending the Confidentiality Order previously entered in this Action (ECF No. 42-1) (the "Confidentiality Order")[1]:

WHEREAS, the Court entered the Confidentiality Order (ECF No. 42-1) governing the treatment of confidential discovery material in this Action;

WHEREAS, the Court has entered a Stipulation and Order Regarding Electronic Discovery Procedure (ECF No. 120) (the "ESI Protocol"), which governs the format, processing, redaction, metadata, and security of electronically stored information, and the parties intend that this amendment be construed consistently with, and not to alter, the ESI Protocol;

WHEREAS, discovery in this Action includes documents and ESI that may contain personal data, including medical records and special category personal data and criminal convictions and offenses data as defined by Articles 9 and 10 of the General Data Protection Regulation (European Union Regulation (EU) 2016/679, the "GDPR"), respectively, and including data that may be subject to European Union Member State and Swiss data protection, confidentiality, and employment law regimes;

WHEREAS, the Defendants believe that, in light of the nature and volume of personal data involved in this Action, the relevant Controllers (as defined in Article 4(7) GDPR) should, with respect to the processing of such Personal Data that is protected by GDPR, implement additional safeguards in line with the principles of the GDPR;

WHEREAS, the parties have conferred in good faith and agree that limited amendments to the Confidentiality Order are appropriate to facilitate and expedite discovery involving large volumes of documents while protecting highly sensitive personal information.

"Attorneys' Eyes Only" or "AEO" Information means a subset of Confidential Information that is highly sensitive and that includes, without limitation:

    (a)  sensitive personal data related to European Union and Swiss individuals other than that already specified in the Confidentiality Order;

    (b)  medical data, including without limitation, psychologist notes, medical records, and diagnostic testing;

    (c) special category personal data within the meaning of Article 9 of the GDPR;

---

[1] Unless otherwise noted, ECF references are to the docket for *Foley v. Lafarge, S.A.*, Case No. 1:23-cv-05691-NGG-PK.

(d) personal data relating to criminal convictions or offenses within the meaning of Article 10 of the GDPR; and

(e) comparable categories of personal data protected under European Union Member State, UK, or Swiss data protection, confidentiality, or employment laws.

Materials designated ATTORNEYS' EYES ONLY may not be produced with redactions for "personal data requiring protection under applicable foreign data privacy laws," as that phrase is used in the ESI Protocol, Part IV(3). For the avoidance of doubt, materials designated ATTORNEYS' EYES ONLY may be produced with redactions for "(1) privileged information, including information protected by the attorney-client and work product privileges; and (2) sensitive personal identifying information ("PII"), including social security numbers, personal bank account information about bank accounts that Defendants reasonably and in good faith believe are not connected to the alleged misconduct whether produced in redacted or unredacted form, consistent with the ESI Protocol." *Id*.

To maximize protection and avoid inadvertent production, the Parties agree that Defendants may mark all documents in forthcoming productions as ATTORNEYS' EYES ONLY.

"**Data Incident**" shall mean a breach of security leading to the accidental or unlawful unauthorized disclosure of, or access to, Personal Data or Special Category Data transmitted, or stored in the course of this Action.

"**Personal Data**" shall have the meaning set out under Article 4(1) of the GDPR, *i.e.*, any information relating to an identified or identifiable individual; an identifiable individual is one who can be identified, directly or indirectly, in particular by reference to an identifier such as a name, an identification number, location data, an online identifier or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural or social identity of that individual.

"**Receiving Party**" shall mean any counsel or other authorized person who receives or accesses Personal Data or AEO Information under the Confidentiality Order.

A producing party may designate discovery material as ATTORNEYS' EYES ONLY where the material contains AEO Information and disclosure beyond the restrictions set forth herein would create a substantial risk of harm, including risks arising under applicable data-protection or confidentiality laws.

**Unredacted Production.** Where discovery materials contain AEO Information, a producing party may elect to produce such materials unredacted subject to an ATTORNEYS' EYES ONLY designation, in lieu of redaction. Nothing in this Order shall be construed to require redaction under the Confidentiality Order or the ESI Protocol where the producing party reasonably determines that an AEO designation provides appropriate protection.

Unless otherwise ordered by the Court or agreed in writing by the producing party, material designated ATTORNEYS' EYES ONLY may be disclosed only to:

4

(a) outside counsel of record and their litigation support personnel;

(b) in-house counsel and their litigation support personnel;

(c) experts or consultants retained for this Action who have executed Exhibit A and are not officers, directors, or employees of a party; and

(d) the Court and court personnel.

Material designated ATTORNEYS' EYES ONLY may be used in unredacted form during depositions if the witness appears on the face of the document and previously had access to the material in the course of their professional role.

**Purpose Limitation.**  Consistent with the principle of purpose limitation set out under Article 5 of the GDPR, all AEO Information disclosed in discovery in this Action shall be used solely for the purposes of prosecuting, defending, or resolving the claims in this Action, and shall not be used for any secondary purpose. Without limitation, no Receiving Party shall use Personal Data obtained through discovery for commercial purposes, marketing, profiling, automated decision-making, journalistic publication, research unrelated to this Action, or any purpose other than the conduct of this litigation. No Receiving Party shall copy, reproduce, or duplicate Personal Data or AEO Information except to the extent reasonably necessary for the conduct of this Action. Any such copies shall be subject to the same protections as the original material.

**Requests for Redactions and Reduced Designations.**  To the extent any party would like to use materials designated ATTORNEYS' EYES ONLY for any purpose inconsistent with its designation, the party shall identify a reasonable number of materials and make a request to the producing party to apply redactions and revise the confidentiality designation.  A reproduction of the materials with redactions and a revised confidentiality designation shall be provided within five (5) business days.

**ESI Treatment.**  Documents produced pursuant to the ESI Protocol that are designated ATTORNEYS' EYES ONLY shall be branded and identified using the same mechanisms applicable to other confidentiality designations, including stamping on TIFF images, identification on native file placeholders, and population of the confidentiality metadata field, consistent with the ESI Protocol.

**Security and Use of ATTORNEYS' EYES ONLY Information.**  Consistent with the principle of integrity and confidentiality set out under Article 5 of the GDPR, all material designated ATTORNEYS' EYES ONLY ("AEO Information") shall be handled, transmitted, processed, and stored using reasonable and appropriate administrative, technical, and physical safeguards consistent with industry-standard security practices for highly sensitive data.

Such safeguards shall include at a minimum, access controls limiting availability to authorized persons under this Order, secure authentication, encryption of AEO Information in transit and, where technically feasible at rest, and measures designed to prevent unauthorized access, disclosure, alteration, or loss.

AEO Information shall not be uploaded to, processed by, summarized by, embedded in, vectorized, classified using, translated by, or otherwise disclosed to any publicly available generative artificial intelligence, machine learning large language model (LLM), or similar automated tools or services, including systems that retain inputs or outputs or other derivatives for training, tuning, service improvement, or cross-customer use. Any permitted use of artificial intelligence or automated tools must be limited to systems controlled by, or contractually restricted to, the receiving party or its counsel, experts or consultants, and configured to prevent retention, secondary use, or disclosure of AEO Information or any derivative thereof beyond what is permitted under this Order and the ESI Protocol.

**Data Incident Notification.**  Consistent with the principles of transparency, confidentiality and integrity set out under Article 5 of the GDPR, in the event that any Receiving Party becomes aware of a Data Incident involving AEO Information, the Receiving Party shall notify the producing party in writing without undue delay.

Such notification shall include, to the extent then known: (i) a description of the nature of the Data Incident, including, where possible, the categories and approximate number of data subjects and data records concerned; (ii) the name and contact details of a designated point of contact from whom further information may be obtained; (iii) a description of the likely consequences of the Data Incident; and (iv) a description of the measures taken or proposed to be taken to address the Data Incident, including, where appropriate, measures to mitigate its possible adverse effects.

The Receiving Party shall cooperate fully with the producing party in investigating and remediating the Data Incident and shall take all reasonable steps to contain the Data Incident and mitigate any harm to affected data subjects.

**Deletion and Destruction of Personal Data.**  Consistent with the principle of storage limitation set out under Article 5 of the GDPR, within sixty (60) days of the final resolution of this Action (or longer if there is a legal basis to retain the data concerned for a longer period), each Receiving Party shall securely destroy all AEO Information received during discovery. Destruction shall be carried out using methods reasonably designed to render the data permanently unrecoverable, including, where applicable, secure deletion of electronic files and shredding of physical documents.

Dated: April 3, 2026                                Respectfully submitted,

                                                    /s/ *David W. Bowker*

Alyson Zureick                                      David W. Bowker
WILMER CUTLER PICKERING                             Jonathan E. Paikin
HALE AND DORR LLP                                   Albinas Prizgintas (*pro hac vice*)
7 World Trade Center                                Michaela S. Wilkes Klein (*pro hac vice*)
250 Greenwich Street                                WILMER CUTLER PICKERING
New York, NY 10007                                  HALE AND DORR LLP
(212) 230-8875 (t)                                  2100 Pennsylvania Avenue, N.W.
(212) 230-8888 (f)                                  Washington, D.C.  20037
alyson.zureick@wilmerhale.com                       (202) 663-6000 (t)
                                                    (202) 663-6363 (f)
                                                    david.bowker@wilmerhale.com
                                                    jonathan.paikin@wilmerhale.com
                                                    albinas.prizgintas@wilmerhale.com
                                                    michaela.wilkesklein@wilmerhale.com

*Attorneys for Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria S.A.*

/s/ *Lee Wolosky*                                   /s/ *Joshua D. Branson*
Lee Wolosky                                         Andrew E. Goldsmith
Andrew J. Lichtman                                  Joshua D. Branson (*pro hac vice*)
Kathryn Bolas                                       Lillian V. Smith (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP                        Christopher C. Goodnow (*pro hac vice*)
787 Seventh Avenue                                  James A. Ruck (*pro hac vice*)
New York, NY 10019                                  Eric J. Maier (*pro hac vice*)
Tel: (212) 728-8000                                 Chase H. Robinett (*pro hac vice*)
Fax: (212) 728-8111                                 KELLOGG, HANDSEN, TODD,
lwolosky@willkie.com                                 FIGEL & FREDERICK PLLC
alichtman@willkie.com                               1615 M Street, N.W., Suite 400
kbolas@willkie.com                                  Washington, D.C. 20036
                                                    (202) 326-7945
Todd C. Toral                                       agoldsmith@kellogghansen.com
JENNER & BLOCK LLP                                  jbranson@kellogghansen.com
2029 Century Park East                              lsmith@kellogghansen.com
Ste 1450                                            cgoodnow@kellogghansen.com
Los Angeles, CA 90067-2901                          jruck@kellogghansen.com
213-239-2294                                        emaier@kellogghansen.com
ttoral@jenner.com                                   crobinett@kellogghansen.com

Brent Caslin                                        Adam J. Goldstein
JENNER & BLOCK LLP                                  Ryan R. Sparacino (*pro hac vice*)
515 S Flower Street                                 Stacey Wilson (*pro hac vice*)
Suite 3300                                          SPARACINO PLLC
Los Angeles, CA 90071                               1920 L Street, N.W., Suite 835
213-239-5100                                        Washington, D.C. 20036

7

bcaslin@jenner.com

Jason P. Hipp
Sarah Ann Purtill
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1600
jhipp@jenner.com
spurtill@jenner.com

Alyssa Bernstein (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6029
abernstein@jenner.com
sariail@jenner.com

Kyle N. Tramonte (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel: (202) 639-6000
ktramonte@jenner.com

*Attorneys for the Finan Plaintiffs*

/s/ *Joshua D. Branson*
Andrew E. Goldsmith
Joshua D. Branson (*pro hac vice*)
KELLOGG, HANDSEN, TODD,
 FIGEL & FREDERICK PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7945
agoldsmith@kellogghansen.com
jbranson@kellogghansen.com

Adam J. Goldstein
SPARACINO PLLC
1920 L Street, N.W., Suite 835
Washington, D.C. 20036
(202) 629-3530
adam.goldstein@sparacinopllc.com

(202) 629-3530
adam.goldstein@sparacinopllc.com

Matthew Jason Fisher (*pro hac vice*)
SPARACINO PLLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
312-216-5111
matt.fisher@sparacinopllc.com

*Attorneys for the Foley Plaintiffs*

/s/ *Lee Wolosky*
Lee Wolosky
Andrew J. Lichtman
Kathryn Bolas
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
lwolosky@willkie.com
alichtman@willkie.com
kbolas@willkie.com

Todd C. Toral
JENNER & BLOCK LLP
2029 Century Park East
Ste 1450

8

Matthew Jason Fisher (*pro hac vice*)
SPARACINO PLLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
312-216-5111
matt.fisher@sparacinopllc.com

*Attorneys for the Black Plaintiffs*

Los Angeles, CA 90067-2901
213-239-2294
ttoral@jenner.com

Brent Caslin (*pro hac vice*)
JENNER & BLOCK LLP
515 S Flower Street
Suite 3300
Los Angeles, CA 90071
213-239-5100
bcaslin@jenner.com

Jason P. Hipp
Sarah Ann Purtill
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1600
jhipp@jenner.com
spurtill@jenner.com

Alyssa Bernstein (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6029
abernstein@jenner.com

Kyle N. Tramonte  (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel: (202) 639-6000
ktramonte@jenner.com

Craig W. Carlson  (*pro hac vice*)
Langdon D. Southworth (*pro hac vice*)
THE CARLSON LAW FIRM
100 East Central Texas Expressway
Killeen, TX 76541
254-526-5688
ccarlson@carlsonattorneys.com
lsouthworth@carlsonattorneys.com

*Attorneys for the Shirley Plaintiffs*

9

/s/ Lee Wolosky
Lee Wolosky
Andrew J. Lichtman
Kathryn Bolas
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
lwolosky@willkie.com
alichtman@willkie.com
kbolas@willkie.com

Todd C. Toral
JENNER & BLOCK LLP
2029 Century Park East
Ste 1450
Los Angeles, CA 90067-2901
213-239-2294
ttoral@jenner.com

Jason P. Hipp
Sarah Ann Purtill
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1600
jhipp@jenner.com
spurtill@jenner.com
Alyssa Bernstein (*pro hac vice*)
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6029
abernstein@jenner.com

Kyle N. Tramonte (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel: (202) 639-6000
ktramonte@jenner.com

Amal Clooney (*pro hac vice*)
Alisha Mathew (*pro hac vice*)

/s/ Kevin L. Attridge
Kevin L. Attridge  (*pro hac vice*)
Melissa Fox
Jonathan E. Missner  (*pro hac vice*)
Robert B. Gilmore  (*pro hac vice*)
STEIN MITCHELL BEATO
& MISSNER LLP
2000 K Street, NW, Suite 600
Washington, D.C. 20006
Tel: (202) 737-7777
Fax: (202) 296-8312
kattridge@steinmitchell.com
mfox@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com

Gavriel Mairone
MM~LAW LLC
875 North Michigan Avenue, Suite 3100,
Chicago IL 60611
Tel: (312) 253-7444
Fax: (312) 275-8590
Ctlaw@mm-Law.com

Andrew E. Goldsmith
Joshua D. Branson  (*pro hac vice*)
KELLOGG, HANDSEN, TODD,
 FIGEL & FREDERICK PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7945
agoldsmith@kellogghansen.com
jbranson@kellogghansen.com

*Attorneys for the Goldman Plaintiffs*

OFFICE OF AMAL CLOONEY
54 Doughty Street
London
United Kingdom of Great Britain and
Northern Ireland
(44) 204 526 1185
YazidiUS@amalclooney.co.uk
am@officeofac.co.uk

*Attorneys for the Murad Plaintiffs*

/s/ *Noel J. Nudelman*
Noel J. Nudelman
Joseph Tipograph
Richard D. Heideman (*pro hac vice*)
Tracy R. Kalik (*pro hac vice*)
HEIDEMAN NUDELMAN & KALIK, PC
5335 Wisconsin Avenue, NW, Suite 440
Washington, DC 20015
703-447-3804
njnudelman@hnklaw.com
jhtipograph@hnklaw.com
rdheideman@hnklaw.com
trkalik@hnklaw.com

*Attorneys for the Wilson Plaintiffs*

/s/ *Joshua D. Arisohn*
Joshua D. Arisohn
ARISOHN LLC
513 8th Avenue, #2
Brooklyn, NY 11215
Telephone: (917) 656-0569
Email: josh@arisohnllc.com

Matthew A. Girardi
BURSOR & FISHER, P.A.
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
Email: mgirardi@bursor.com

T. Michael Guiffre
John L. Murino (*pro hac vice pending*)
Aryeh S. Portnoy (*pro hac vice pending*)
Michael J. Williams (*pro hac vice pending*)

/s/ *Joshua D. Branson*
Andrew E. Goldsmith
Joshua D. Branson (*pro hac vice*)
KELLOGG, HANDSEN, TODD,
 FIGEL & FREDERICK PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7945
agoldsmith@kellogghansen.com
jbranson@kellogghansen.com

Adam J. Goldstein
Ryan R. Sparacino (*pro hac vice forthcoming*)
Matthew J. Fisher (*pro hac vice forthcoming*)
SPARACINO PLLC
1920 L Street, N.W., Suite 835
Washington, D.C. 20036
(202) 629-3530
adam.goldstein@sparacinopllc.com
ryan.sparacino@sparacinopllc.com
matt.fisher@sparacinopllc.com

*Attorneys for the Stallter Plaintiffs*

11

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: mguiffre@crowell.com
jmurino@crowell.com
aportnoy@crowell.com
mwilliams@crowell.com

*Attorneys for the Fields Plaintiffs*

SO ORDERED.

Dated: Brooklyn, New York
April 6, 2026

*Peggy Kuo*
_____
PEGGY KUO
United States Magistrate Judge